Brady, J.
The defendant sought to assail the title by the introduction of a map of the De Laneey property, western part, copied from a map on file in the street commissioner’s office, by G. E. Smith, city surveyor, 1831, showing lot 450 as fronting on Second, now Forsyth, street. But, as properly said, “ what the original map in the street commissioner’s office was, when made, for what purpose and from what data, there is no evidence,”
The learned judge in the consideration of this subject said there was no proof that the map which was introduced in evidence, called the De Laneey map, was the map referred to in the deeds of the premises in question, but that the description showed conclusively that the lots were differently located.
It was conceded that there were some inconsistencies in the different lots conveyed with reference to the maps referred to; but the learned justice saw no trouble whatever, taking them altogether, in determining exactly what was intended to be conveyed. It appears, however, as stated by him, that as early as 1823 John B. Smith conveyed the premises in question to John M. Smith, and the evidence established the fact that since 1840 the grantees of Smith have been in the undisturbed possession of this property, no claims ever having been made by Marsh or any of his descendants to any part of the premises in question. In addition to which must be considered the fact that neither Marsh nor any of His descendants (if any existed) ever attempted to convey the property or to interfere with it in any way. And it also appears that ever since 1840 the taxes have been paid by Smith and his grantees.
It not unfrequently happens that a chain of title is broken by the absence of a deed, while the title itself is distinguished by long and continued possession, so long, indeed, that a conveyance is presumed to have been executed justifying the possession so obtained and continued. It may also be said that there is reason to believe that there were two maps of the De Laneey estate, from the evidence in the case, and for the reason that the map introduced in evidence appears to have been of the De Laneey property (western part). The facts of *178 this case, therefore, establish an adverse possession from July 17, 1828, by John B. Smith and his grantees, that being the date on which his deed appears to have been executed, a period of about fifty-five years, during which they have not only been in possession, but have paid the taxes, etc. And this view seems to meet all the objections interposed on the part of the defendants as a reason why they should not complete the purchase.
The facts present all the necessary elements, therefore, to perfect a title by adverse possession, even if the chain of title be regarded as incomplete. And having arrived at the conclusion it follows that the judgment must be affirmed.