# BUFFALO SUPERIOR COURT.

### CHRISTOPH SCHWINGER agt. CHARLES HICKOX *et al.*

The *voluntary appearance*, by attorney, of several defendants in the action entitles the plaintiff to the same *costs* against them under section 307 of the Code, as if such defendants had been personally served with process. The voluntary appearance is equivalent to personal service of process, *Code*, § 137. (*The decision in the case of Macomber agt. Mayor, &c., of N. Y.*, 17 *Abb.*, 35, *disapproved.*)

*Special Term, November* 15, 1873.

MOTION by defendants for readjustment of plaintiff's costs.

The action was brought against twelve defendants, and the summons was personally served on only two of them. The other ten defendants voluntarily appeared in the action by an attorney and answered the complaint. The issues thus joined were tried, and judgment was recovered by the plaintiff against all the defendants.

In the plaintiff's bill of costs he included an item of two dollars each for ten defendants and one dollar for a further additional defendant—total, twenty-one dollars. The defendants objected to this item, but it was taxed. The defendants now move for a readjustment of costs and ask to have this item disallowed.

GEO. WING, *for motion*, cited and commented on *Macomber* agt. *The Mayor, &c., of New York*( 17 *Abb. Pr.* 35); *Code* (§ 307, *subd.* 1).

GEO. W. COTHRAN, *for plaintiff.*

II. The plaintiff is entitled to have taxed "for each additional defendant served with process, not exceeding ten, two dollars; and for each necessary defendant in excess of that number, served with process, one dollar" (*Code*, § 307, *subd.* 1).

It is further provided that "a voluntary appearance of a defendant is *equivalent to personal service of the summons upon him*" (*Id.*, § 139).

The whole question resolves itself into a construction of the word "equivalent." When one thing is the equivalent of another, it is of the same force and effect as the other, of the same value, and *for all purposes*.

It cannot be successfully contended that to entitle a plaintiff to this fee that the summons should be personally served; because the Code provides for various modes of service. Personal service is provided for by section 134, service by publication by section 135 and by the 5th subdivision of section 135. When publication is ordered, personal service beyond the jurisdiction of the court is the equivalent of publication, &c. These various modes of service are provided for by laws of 1853, page 974.

It will not be argued that a service in either of these modes is not a sufficient compliance with section 307; and, with one exception, neither is a "personal service;" while the service in this case is the equivalent of personal service, the most complete and perfect service known to the law.

The Code does not say that the fee may be recovered for each defendant on whom process shall be *personally served;* on the contrary, its language is for each additional "defendant served with process." How served is immaterial.

The motion should be denied.

SMITH, J., denied the motion on the ground that the voluntary appearance of the defendants by their attorney was, for all purposes of the action, the equivalent of personal service, and entitled the plaintiff to the costs as adjusted. The case of *Macomber* agt. *The Mayor, &c., of New York* (17 *Abb. Pr. R.*, 35), in so far as it holds that a voluntary appearance will not justify a judgment on failure to answer without proof of the actual service of the summons, disapproved. No costs allowed, as the question is a new one.