JULIUS CATLIN, Jr., et al., Respondents, *v.* WILLIAM H. RICKETTS, Receiver, etc., Impleaded, etc., Appellant.

WILLIAM L. POMEROY, et al., Appellants, *v.* THE SAME, Respondent.

ADOLPH BERNHEIMER, Appellant, *v.* THE SAME, Respondent.

Where within thirty days after the granting of an attachment the defendant, against whom it was issued, appeared generally in the action, *held*,

that this was equivalent to a personal service of the summons, and met the requirement of the provision of the Code of Civil Procedure (§ 638), that the summons shall be served within thirty days after granting of the attachment ; that said provision must be read with the provision (§ 424), making a voluntary general appearance " equivalent to personal service of the summons."

*Blossom* v. *Estes* (84 N. Y. 615), distinguished.

An appeal does not lie to this court from an order vacating an attachment, unless it appears in the order appealed from that the attachment was set aside for want of power to grant it, or upon some ground involving jurisdiction of the court.

(Argued March 6, 1883 , decided March 13, 1883.)

IN the case first entitled, an attachment was issued and a motion was made to vacate it, apparently upon the ground that the summons had not been served within 30 days, upon the defendants, as required by section 638 of the Code of Civil Procedure. The motion was granted upon that ground and then the plaintiff appealed to the General Term where the order of the Special Term was reversed. The defendants appealed to this court.

The court here say : " We are of opinion that the decision of the General Term was right. It is true that section 638 requires that the summons shall be served within 30 days after the granting of the attachment ; but section 424 of the Code must be read with section 638, and that provides that the 'voluntary general appearance of the defendant is equivalent to personal service of the summons upon him.' Here both of the defendants, against whom the attachment was granted appeared in the action generally within the 30 days, and that for all purposes of the action was equivalent to a personal service of the summons. It would have been a very idle ceremony for the plaintiff to procure personal service of the summons upon the defendants after they had put in a general appearance in the action. Nothing to the contrary of this was decided in the case of *Blossom* v. *Estes* (84 N. Y. 615). In that case the summons was not served within 30 days, and it was therefore held that the attachment fell, and that a subsequent appearance did not revive it or give it new vitality."

In the last two cases above entitled, the attachments were va-

cated at Special Term and the orders of the Special Term were affirmed at the General Term. It does not appear in the orders appealed from that the attachments were set aside for the want of power to grant them, or upon any ground involving the jurisdiction of the court. It appears from the opinions pronounced at the General Term, that the right to an attachment in each case was denied upon the ground that the affidavits did not sufficiently show a cause of action in favor of the plaintiff against the defendants, as required by sections 636 and 637, of the Code. The court say: "We agree with the General Term. But we have frequently held that an appeal does not lie to this court from such an order."

*Melville H. Regensbergher* for plaintiffs.

*C. W. West* for appellants.

EARL, J., reads for affirmance of order in case first above entitled, and for dismissal of appeal in the other two cases.

All concur.

Ordered accordingly.