## UNITED VERDE COPPER CO. *v.* TRITLE.

*N. Y. Supreme Court, First District, Chambers; December, 1887.*

1. *Attachment; service of summons without the State.*] Personal service of the summons and complaint, made without the State, under an order for service by publication, &c., within thirty days after the granting of a warrant of attachment, is a sufficient compliance with Code Civ. Pro. § 638, to preserve the lien of the attachment.
2. *Service of summons within, after service without, State.*] Judgment may be entered upon failure to answer within twenty days after personal service of the summons and complaint within the State, although the time has not expired for answer upon a prior service without the State under an order for publication, &c.
3. *The same; jurisdiction to proceed under both services.*] The court obtains jurisdiction under both services, and, under the judgment entered upon the service within the State, the property attached and held by virtue of the service without the State, may be levied upon and sold on execution.* So held, on motion of a junior attaching creditor to vacate the attachment, and restrain payment of the proceeds of sale on execution to the plaintiff.

Motion by a junior attaching creditor to vacate an attachment, &c., upon the ground that the summons was not served within twenty days after granting the warrant, as required by Code Civ. Pro. § 638.

The facts appear in the opinion.

---

* A plaintiff in foreclosure may have the judgment and sale therein set aside to enable him to cure irregularities in a substituted service of summons upon the infant defendants in the action, by another service upon them; and, the service upon the adult defendant being regular, and the substituted service upon the infant not being set aside, the second service upon the infants does not supersede the first, but the action is to be deemed still pending, so that it is not necessary to make a grantee of the purchaser at the sale a party to the subsequent proceedings under the second service in order to bind his interest in the premises. Wood *v.* Kroll, 43 *Hun,* 328.

*Edward Russell,* for the motion.

*Jerome & Nason,* opposed.

LAWRENCE, J.—The order for the publication of the summons was made on October 15, and the summons and the complaint were personally served upon the defendant at the city of Prescott, in Arizona, on October 25, 1887.

On November 12, 1887, the summons and complaint were served upon the defendant personally in this city, and on the 3d of December inst., the judgment was entered, and on the same day execution was issued thereon.

Motion is now made by a junior attaching creditor to vacate the attachment and to restrain the sheriff from collecting or paying over the proceeds of the property attached, and sold afterward under the execution, and for such other order as may be proper.

I think that the motion should be denied, for the reason that, as the service of the summons and complaint was made in Arizona, within thirty days of the date of the granting of the warrant of attachment, such service was in compliance with the provisions of the Code (§ 638). The plaintiff was not entitled to enter judgment on the service of the defendant without the State, as sixty-two days had not elapsed from the time of such service, on December 3. He was entitled to enter judgment, on the personal service within this State, twenty-one days having elapsed from the time of such service when such entry was made. The court obtained jurisdiction under both services, and, the attachment being regular, a junior attaching creditor cannot, I think, successfully attack it.

If there are any irregularities in the judgment, as they are not specified in the order to show cause, they cannot be considered on this motion (see Rule 37).

Motion denied, with costs.