MELVIN L. TULLER, Plaintiff, v. JOSHUA J. BECK, Defendant.

FREDERICK O. PIERCE, Plaintiff, v. JOSHUA J. BECK, Defendant.

*Attachment — the voluntary appearance of a defendant, after the commencement of the publication of the summons, dispenses with the necessity of continuing it to keep alive the attachment — Code of Civil Procedure, sec.* 638.

On April 8, 1887, an attachment was issued in this action, upon the ground that the defendant had departed from the State with intent to defraud his creditors, under which a levy was, on the same day, made on property of the defendant. On April twenty-third an order for the publication of the summons was obtained, and the publication was commenced and continued until May 17, 1887, when the defendant appeared voluntarily and for all purposes, and consented to the entry of a judgment without further delay or notice.

A sale having been had under an execution issued upon a judgment, entered in the action on the said seventeenth day of May, an order was made, on the motion of a second attaching creditor, directing the sheriff to pay over the proceeds to him on the ground that the plaintiff's attachment was not kept alive, as the publication had not been continued for the full period required by the Code.

*Held,* that the order should be reversed, as the voluntary appearance of the defendant saved the attachment.

APPEALS from an order made at the Orange Special Term and entered in Westchester county, directing the sheriff of Westchester county to apply and pay upon the attachment and execution, issued in an action brought by one Frederick O. Pierce against the defendant in this action, certain moneys collected upon the sale of property sold under an attachment and judgment issued in the first of the above entitled actions.

*Close & Robertson,* for John Duffy, sheriff of Westchester, appellant.

*Ralph E. Prime,* for Frederick O. Pierce.

BARNARD, P. J.:

Tuller obtained an attachment against the defendant on the 8th of April, 1887, upon the ground that he had departed from the State with intent to defraud his creditors. The attachment was levied on the same day on certain property in Yonkers. On the 23d day of April, 1887, an order for publication of the summons was obtained, and the publication was commenced and continued until

the 17th of May, 1887, when the defendant voluntarily and for all purposes appeared in the action and consented to a judgment in the action "without further delay or of further notice to me." On the 17th of May, 1887, judgment was entered on this appearance and consent, and the attached property sold. Frederick O. Pierce obtained an attachment for the same reason on the 9th of April, 1887, and commenced publication of the summons on the 21st of April, 1887, and was continued until the same was completed as required by law. An execution on the Tuller judgment was given to the sheriff, and on the 27th of April, 1887, he sold the attached property and at once the money was paid over to Tuller on his judgment. The Code in these cases requires a personal service of the summons within thirty days after an attachment is granted, or else that within that time service of the same by publication shall be commenced, the service must be made complete by the continuance thereof. (Code, 638.) It was held in the case of *Catlin* v. *Ricketts* (91 N. Y., 668), under the words of this section, that a voluntary appearance is equivalent to a personal service. In the case of *Blossom* v. *Estes* (84 N. Y., 614) it was decided that a failure either to serve personally or commence a publication of the summons destroys the attachment. In the present case the publication was commenced within the thirty days and the general appearance was thirty more days after the attachment was obtained and while the publication was progressing. Under the spirit of the last case in the Court of Appeals (91 N. Y., 669), the appearance was good to save the attachment. A party by an appearance can waive the service by publication as well as a personal service of the summons within thirty days, and if the proceedings are progressing by publication it cannot have been intended to take away the effect of section 424, Code. The appearance ought to be held to dispense with further publication, for it would be idle to continue it. The object of it was service and that is accomplished without it.

The order should be reversed with costs and disbursements, and the motion denied.

PRATT, J., concurred.

Ordered reversed with costs and disbursements, and motion denied with costs.