Vast Wyck, J.
This is an appeal from a judgment in favor of plaintiff against the defendant on a promissory note. Defendant insists that the cause of action is barred by the Statute of Limitations. Whether it is or not, is the only ■question submitted to our consideration.
The note fell due May 20, 1880, and the six years limitation for bringing an action on such cause of action expired' May 20,1886. Two days before this period expired—to wit: on May 18—the summons was duly issued to the sheriff for service. Within sixty days from May 20—to wit: on June 9 —the summons was served by substituted service, by virtue of an order made pursuant to section 435 of the Code of Civil Procedure. Code Civ. Pro., § 399, provides that such issuing of the summons is equivalent, to the commencement of the action within the meaning of the provisions of the Code, which limit the time for commencing actions. Provided such issuing of the summons shall be “ followed within sixty ■days after the expiration of the time limited for the actual commencement of the action, by personal service thereof . . . or by the first publication of the summons.”
The summons in this case was duly issued, but was not followed by such personal service or publication thereof, though it was duly served by substituted service pursuant- to section 435 of the Code, within the said sixty days. The spirit of the statute, section 399, is that an honest effort to serve the summons through the sheriff before the statutory period of limitation has expired, if followed by service of summons within sixty days after such expiration, will save the cause of action from being barred. The letter of the law, if this section alone is considered, is that such result will not be attained unless the summons be personally served or served by publication. How can the spirit and letter of this statute be so reconciled as to include substituted service as well as personal service and service by publication.
In construing any part of a statute, the whole must be considered ; the different parts reflect light on each other, *175 and, if possible, such construction is to be made as will avoid inconsistency and subserve justice and the right.
It does not seem that the question involved in this appeal, under section 399, has ever been considered in any reported •case. But similar wording as to service of summons will be found in section 638 of the Code of Civil Procedure, which •enacts that a warrant of attachment may be granted to accompany the summons, provided, that within thirty days thereafter, the summons shall be personally served or publication thereof commenced.
The general term of the supreme court of the first department has decided that substituted service, pursuant to section 435, will not sustain the warrant of attachment, though made within thirty days after the warrant was granted, but that to secure this end section 638 must be strictly construed, and the summons be either served personally or by publication (Bogart v. Swezey, 26 Hun, 463).
Like wording as to service will be found in section 1670, Code of Civil Procedure, which enacts that a Us pendens can be filed against real estate before service of summons, provided, within sixty days after such filing, the summons shall be served either personally or by publication.
The general term of the supreme court for the second •department has held that the language of the last above section must be construed liberally and that the vitality of a Us pendens so filed, and followed by substituted service of the summons within sixty days thereafter, will be preserved, though such service is not “ eo nomine ” mentioned in section 1670 (Ferry v. Plummer, 46 Hun, 515).
Thus it will be seen that courts of equal standing and authority radically differ in their respective constructions of the same terms found in sections 399, 638 and 1670.
The reasoning by which both courts reach their respective conclusions is not entirely satisfactory to us, though we lean more towards the liberal construction, and think additional reasons can be assigned, which will strongly tend to sustain that construction, to which we will now refer.
*176 The court of appeals has decided that personal appearance thirty days after the attachment has been granted will not keep alive the warrant of attachment (Blossom v. Estes, 84 N. Y. 615*). But that personal appearance within thirty days after attachment was granted will uphold the validity and full force of the warrant, though the summons-had not been served either personally or by publication. Because personal appearance is equivalent to personal service (Catlin v. Ricketts, 91 N. Y. 668; dismissing appeal from Pomeroy v. Ricketts, 27 Hun, 242).
It will be observed that our court of last resort in that case has determined that in reading section 638, after words “ personally served ” must be interpoláted the words “ or personal appearance of defendant,” the equivalent of personal service. This being so, then after the words “ publication of the summons” must be interpolated the words “ or substituted service of the summons,” if such service is the equivalent of the former; and the same reasoning will apply to section 1670 in relation to the steps necessary to preserve the vitality of a lis pendens, filed before the summons has been actually served, and also to section 399 in relation te the steps necessary to save the cause from being barred, where the summons has not been actually served before the period of limitation applicable thereto has expired.
Is substituted service under section 435 equivalent to either personal service or service by publication ? If it is, then the note was not barred. If it is not so, then the note was barred. ,
Substituted service was the creation of Laws 1853, chap, 511, and sections 435, 436 and 437 of the Code embrace the provisions of that statute, with a few modifications. The Law of 1853 in effect declared substituted service to be the equivalent of personal service in enacting that in the former service such proceedings could be taken as if the summons had been personally served: Section 437 of .the Code *177 changes this, and declares on substituted' service the same proceedings can be taken as if the service had been by publication. A comparison of these two statutes indicates that it was the intention of the law-making power that substituted service should no longer be deemed the equivalent of personal service for the purpose of all proceedings in action as it had been under the law of 1853 ; but should be the equivalent, for the purpose of all proceedings in the action so commenced, of service by publication.
The view is strengthened by reference to the codifier’s-note to section 437, which announces that the change assimilates the result of substituted service to the results of service by publication. It is true that the word “ equivalent” is not used in section 437 in declaring the results of.' substituted service to be the same as the result of service by publication. But it distinctly pronounces these two-methods of service equal in their force to sustain like proceedings in the action ; in the expression on substituted service “ the same proceedings may be taken as if served by? publication.” It is not disputed that the results of service of summons by publication, after effort to serve through the sheriff, would be to sustain the proceedings terminating in judgment in this action on this note, notwithstanding the six years limitation had expired. Why should not substituted service uphold the same proceedings so resulting in judgment when section 437 expressly declares that on such service “ the same proceedings may be taken ” as on service by publication ? By such an interpretation the spirit and letter of section 399 are harmonized and a mere technicality, in slavish adherence to the words of a single section, is not permitted to work a plain injustice.
There is apparently no good cause why the results of a substituted service should not operate in producing the same results as a service by publication would accomplish in defeating the plea of statute of limitations. In our opinion, section 399 should be so read that an honest effort to serve the summons before the statute of limitations runs, *178 will defeat the plea of the statute of limitations, provided such effort shall be followed within sixty days after the expiration of the time limited for the actual commencement of the action by the personal service thereof (or by its equivalent, personal appearance) or by publication of the summons ” (or by its equivalent substituted service), which section 437 substantially pronounces an equivalent, when it is there declared that all proceedings can be had upon the one that can be had upon the other, and that the one will uphold all the proceedings that the other will.
For these reasons the judgment and order appealed from must be affirmed ■ with costs of the appeal and ■disbursements.
Osborne, J., concurred.
Note on Modes oe Serving Summons.
■Jurisdiction of the person is only acquired by personal service of process, unless there is some statute expressly authorizing a different method, or unless the court has previously acquired by proceedings affecting the same party or those in whose place he stands,* 1 2power to take further proceedings without personal notice where it is impracticable to give it.
Under the New York Code of Civil Procedure, the provisions of which afford a fair type of the methods sanctioned by the laws of nearly all the States (although the New York statute is more particular in prescribing details for the protection of defendants, than most of the statutes of other States are), there are four modes of obtaining jurisdiction of the person by service of process for commencement of civil actions.
1. Personal service within the State ; and under this head should be mentioned the statutes requiring residents going abroad and some foreign corporations to appoint a resident agent to receive personal service in their absence.
2. Service by leaving the summons at the residence within the State, of a resident party who cannot be found, and if necessary posting it' up upon the dwelling. This is termed substituted service ” (§ 435).
*179 3. Service “ by publication,” allowed in some cases of absentees, etc., whether residents or non-residents,, and effected by an order to serve by publication, followed up by actual publication, or by actual personal service without the State. When publication is ordered the process and order must also be mailed to the party’s address without the State, unless the court have dispensed with mailing as useless for want of address (§ 440).
Service on an infant resident but absent which may be •effected by appointing a guardian ad litem, on such notice to the infant as the court may direct, and then serving the guardian ad litem (§ 473), is in the nature of personal service .so far as concerns the time to answer allowed, but in the nature of service by publication so far as the jurisdictional effect is concerned, for it does not enable the court to render n. judgment binding personally, as distinguished from a judgment in rem or quasi in rein.
4. Voluntary general appearance- (§ 424).
5. The inherent power of the court to proceed upon service •on an attorney on whom a party has appeared in a previous action, well recognized in some other courts (1 Abb. New Pr. 638), is practically excluded in the courts of this State, although a stay in the former proceedings may sometimes avail to compel appearance in the new proceedings.
By § 437, substituted service is declared equivalent to service by publication.
There has been some difference of opinion whether these. general provisions making voluntary appearance equivalent to personal service, substituted service equivalent to service by publication, and delivery without the State equivalent to actual publication, control other provisions scattered through the .statute here and there which refer only to personal service, or to service by. publication.
The better opinion seems to be that these provisions for the equivalency of different modes of service are to be liberally ■construed in furtherance of the object of gaining jurisdiction in one way or the other, or in several ways combined, provided (1) that the statute requirements are substantially and fairly complied with, and (2) that the exceptions to voluntary *180 appearance Avhick the law has always made in case of infants-, and adjudicated lunatics be implied, and, so to speak, read into the statute.
The following are the cases :
Substituted service of the summons (that is by posting, etc.) pursuant to Code Civ. Pro. § 435, is equivalent to service by publication or personally for the purpose of supporting a lis pendens under Gode Civ. Pro. § 1670, which in terms allows only service by publication or personally.—So held, in a foreclosure suit where' the Us pendens was filed December 17, 1885, an order for substituted service obtained on February 11, 1885, and the service completed by the filing proof of service-on February 16, 1885.—Held, further, that although the 16th of February was the sixty-first day, yet the filing of proof of service Avas in. time as the sixtieth day was Sunday. Ferris v. Plummer, 46 Hun, 515. Pratt, J., dissented relying on Bogart v. Swezey (below cited).
In an action wherein an attachment was issued, service of the sum. mons by publication was regularly ordered and commenced, but before-its completion the defendant appeared, waived further publication and consented to the entry of judgment against him, and judgment Avas accordingly entered. Held, that the attachment was not invalidated by the suspension of publication. Tuller v. Beck, 20 Abb. N. C. 425; s. c., 108 N. Y. 355 ; aff’g 46 Hun, 519.
The object of publication is simply by substituted service to bring the defendant into court, and the provision of the Gode of Civil Procedure (§ 638) declaring that “if publication has been oris thereafter commenced the service must be made complete by the continuance thereof,” means simply that when service by publication is relied upon, as the ground of jurisdiction, the publication must be continued and entirely completed; it does not forbid or prevent the equivalent for personal service by voluntary general appearance authorized by the Code (§ 424). lb.
Personal service of the summons and complaint, made without the-State, under an order for service by publication, etc., within thirty days after the granting of a warrant of attachment, is a sufficient compliance with Code Civ. Pro. § 638, to preserve the lien of the attachment. United Verde Copper Co. v. Tritle, 20 Abb. N. C. 57.
- A substituted service (that is by posting, etc.) under Gode Giv. Pro. § 435, is not sufficient service of a summons accompanied by a warrant, of attachment. [Citing Blossom v. Estes, 22 Hun, 472; Donnell v. Williams, 21 Id. 217; Mojarietta v. Saenz, 58 How. Pr. 505; distinguishing On v. McEwen, 16 Hun, 625], Bogart v. Swezey, 26 Hun, 463.
Under the provisions of Code Civ. Pro. § 638, that the summons- *181 shall be served within thirty days after the granting of an attachment, a voluntary general appearance of the defendant is equivalent to personal service of the summons upon him. [Citing Code Civ. Pro. § 424; distinguishing Blossom v. Estes, 84 N. Y. 615]. Catlin v. Ricketts, 91 N. Y. 668; dismissing appeal from Pomeroy v. Ricketts, 27 Hun, 242.
Appearance of the defendant does not revive attachment invalidated under Code Pro., by failure to serve the summons, or commence publication within thirty days. Blossom v. Estes, 84 N. Y. 614; aff’g 22 Hun, 472. Followed under Code Civ. Pro., Pomeroy v. Moss, N. Y, Daily Reg., Jan. 31, 1882.
A voluntary general appearance of defendant within thirty days after the issuing of a warrant of attachment, is sufficient under Code Civ. Pro. §§ 424, 638, to prevent the warrant from becoming inoperative, and dispenses with the necessity of serving him with summons. [Distinguishing Blossom v. Estes, 84 N. Y. 615.] Pomeroy v. Moss, 15 Weekly Dig. 25; aff’g 4 Month. L. Bul. 19.
The voluntary appearance of several defendants,-—held, equivalent to personal service within Code Civ. Pro. § 3251, subd. 1, providing that the plaintiff is entitled to $2 costs for each additional defendant served with a summons, not exceeding ten. Schwinger v. Hickox, 46 How. Pr. 114.
Where the defendant appeared and defended the action after the time within which summons must be served or publication commenced in order to sustain a warrant of attachment,—Seld, that the warrant was not thereby restored. Cossitt v. Winchell, 39 Hun, 439.

 Affg 22 Hun, 472.