MELVIN L. TULLER, Respondent, v. JOSHUA J. BECK.

FREDERICK O. PIERCE, Appellant, v. JOSHUA J. BECK.

In an action wherein an attachment was issued, service of the summons by publication was regularly ordered and commenced, but before its completion the defendant appeared, waived further publication and consented to the entry of judgment against him, and judgment was accordingly entered. *Held*, that the attachment was not invalidated by the suspension of publication.

The object of publication is simply by substituted service to bring the defendant into court, and the provision of the Code of Civil Procedure (§ 638), declaring that "if publication has been or is thereafter commenced the service must be made complete by the continuance thereof," means simply that when service by publication is relied upon as the ground of jurisdiction, the publication must be continued and entirely completed; it does forbid or prevent the equivalent personal service by voluntary general appearance authorized by the Code (§ 424).

(Argued January 31, 1888; decided February 10, 1888.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 13, 1887, which reversed an order of Special Term granting a motion made by plaintiff in the action second above entitled, directing the sheriff to apply moneys collected by him by levy and sale of the property of defendant upon the execution in said action and which denied said motion.

On April 8, 1887, an attachment was duly issued in the first entitled action and levied on property of the defendant. Service of summons by publication was regularly ordered and commenced. On May 17, 1887, the defendant appeared in the action, waived further publication of the summons and consented that judgment be entered against him for the amount claimed in the complaint. Judgment was accordingly entered and execution issued. The attached property had been previously sold as perishable. The proceeds were paid over to plaintiff's attorney in that action. On April 9, 1887, an attachment was issued in the action second above entitled, and summons served by publication; thereafter judgment was perfected and execution issued. The Special Term decided that the lien of the attachment in the first action was lost by not

completing the substituted service, and the sheriff was ordered to pay over the proceeds of the sale to Pierce, the plaintiff in the second action.

*Ralph E. Prime* for appellant. The right to the attachment is conferred by the statute, and is limited to its provisions, and the case must conform to it. (*Kerr* v. *Mount*, 28 N. Y. 659.) The statutory requirement to sustain the attachment was wholly lost by the abandonment of the publication of the Tuller summons, for the reason that the only thing done within the prescribed thirty days was the commencement of a publication which, however, was not completed by continuance thereof. (*Mojarietta* v. *Saenz*, 80 N. Y. 548; *Belzeman* v. *Brooks*, 31 Hun, 271; *Donnell* v. *Williams*, 21 id. 218; *Taddiken* v. *Cantrell*, 1 id. 710; *Kelly* v. *Countryman*, 15 id. 99; *Blossom* v. *Estes*, 22 id. 473; *Waffle* v. *Goble*, 53 Barb. 523, 524; *Blossom* v. *Estes*, 84 N. Y. 617; *Cossitt* v. *Winchell*, 39 Hun, 431; Code of Civ. Pro.; § 416, *Barron* v. *S. Brooklyn S. M. Co.*, 18 Abb. N. C. 352, 357.) The attachment protected the sheriff only during the thirty days from its date, which period having elapsed he was bound to find out whether the statutory requirements to continue the jurisdiction had been duly taken. (*Cossitt* v. *Winchell*, 39 Hun, 440; *Blossom* v. *Estes*, 84 N. Y. 617.) As the right to this process was conferred by statute, and is limited by its provisions, the plaintiffs must bring the case within its authority, and show that their proceedings conformed to it. (Laws of 1848, Chap. 379, tit. 5, § 106; *Blossom* v. *Estes*, 84 N. Y. 617; *Cossitt* v. *Winchell*, 39 Hun, 440, 441; *Waffle* v. *Goble*, 53 Barb. 523; *Taddiken* v. *Cantrell*, 1 Hun, 710; *Pomeroy* v. *Rickets*, 27 id. 243; *Kelly* v. *Countryman*, 15 id. 99; *Donnell* v. *Williams*, 21 id. 218; *Bogart* v. *Swezey*, 26 id. 463; *Mojarietta* v. *Saenz*, 80 N. Y. 548; Code of Civ. Pro., § 416; *Belzeman* v. *Brooks*, 31 Hun, 271; *Allen* v. *Meyer*, 73 N. Y. 1.)

*William H. Robertson* for respondent. The lien of attachment granted in the case of *Tuller* v. *Beck*, was not lost by

the non-continuance of the publication of the summons after the voluntary appearance by the defendant and waiving further publication thereof, and consenting to the entry of judgment against him. (Code of Civ. Pro., §§ 424, 638; *Catlin* v. *Rich*, 91 N. Y. 668.) Section 638 of the Code was made for the benefit of the defendant, and it was quite competent for him after the attachment had been granted and the service of the summons by publication had been commenced, and while the same was running, even though more than thirty days had elapsed from the granting of the attachment to voluntarily appear in the action, and waive further publication of the summons. (*Taddiken* v. *Cantrell*, 1 Hun, 710.)

FINCH, J. We are of opinion that the attachment assailed by the subsequent lienors was not void because the publication of the summons, regularly ordered and commenced, was suspended before its completion by reason of the appearance of the defendant in the action, waiving further publication and consenting to the entry of judgment against him. The object of the publication is by a substituted service to bring the defendant into court, and the language of the Code (§ 638) that "if publication has been or is thereafter commenced, the service must be made complete by the continuance thereof," means simply that, when the service relied upon as the ground of jurisdiction is publication, that must be, not partial and merely commenced, but continued and entirely complete. In our judgment the provision does not forbid or prevent the equivalent personal service permitted by section 424. Substantially this was decided in *Catlin* v. *Ricketts* (91 N.Y. 668), and we are unwilling to hold that the fact of defendant's appearance after the thirty days, while publication was running commenced before the thirty days, should compel a different decision. While the strict letter of the section might admit of such construction, we do not think that is its true meaning or intent.

The order should be affirmed, with costs.

All concur.

Order affirmed.