Bartlett, J.
This action was brought to foreclose a mortgage made by one John E. Murphy to the plaintiff. It was successfully defended by Mrs. Margaret Brady, as the owner of the mortgaged premises, in actual, visible and exclusive possession thereof, under a prior unrecorded deed from the said John E. Murphy at the time the mortgage in suit was given.
Although the case is a hard one for the appellant, the result reached at the Special Term seems to have been right, and the reasons assigned by the learned trial judge for his conclusions appear to us quite sufficient. There is .only one matter in regard to which we deem it necessary to add anything to what he has said, and that is in reference to a point made for the first time in a brief which has been submitted since the oral argument of this appeal.
The mortgaged property was an apartment house, occupied by many tenants. At the time of the transactions in ■controversy, section 657 of the New York City Consolidation Act (Laws of 1882, chapter 410), contained the following provision: “ Every tenement or lodging house shall have legibly posted or painted on the wall or door in the entry, or some public accessible place, the name and *288 address of the owner or owners, and of the agent or agents, of any one having charge of the renting and collecting of the rents of the same ; and service of any papers required by this title, or by any proceedings to enforce any of its provisions, or of the acts relating to the Board of Health, shall be sufficient, if made upon the person or persons so designated as owner or owners, agent or agents.”
The learned counsel for the appellant, as we understand his brief, thinks that in order to make Mrs. Brady’s possession sufficiently open and visible to defeat the plaintiff’s-claim, it was essential for her to post her name and address on the premises as prescribed in this section. We can not concur in this view. Evidence as to the presence or absence of the required notice would have been proper and material, although none appears to have been given; but its absence, even if proved, would not be conclusive against the owner in such a case as this. The statutory provision relied upon is contained in the chapter of the Consolidation Act relating to the department of health, and in the title thereof relating to tenement and lodging-houses. Its purpose, and manifestly'its only purpose, was to facilitate the board of health in the proper administration of its duties, and it would be giving to the section an effect which the Legislature neither intended nor contemplated, to hold that the open and visible possession of tenement-house property in the City of Hew York could not be established by the owner without proving that his name was publicly posted on the premises.
The judgment should be affirmed with costs.
Vait Bbtot, P. J., and Maoombbb, J., concur.