CHARLES KERNITZ, APPELLANT, *v.* LONG ISLAND CITY, RESPONDENT.

*Publication of notices and accounts of a municipal corporation in newspapers — the corporation is not liable unless its charter authorized the publication — right of a corporation to publish notices to taxpayers in a German paper.*

In an action, brought by the plaintiff to recover for publishing certain notices and reports of the defendant, a municipal corporation, a defense was interposed that the corporation had no authority to contract for the services or audit the bills. The revised charter of the defendant (chap. 461 of 1871) required the treasurer to·" exhibit to the common council, at least fifteen days before the annual election in each year, a full account of all receipts and expenditures, after the date of his last annual report, which exhibit or report shall be printed and published in all newspapers published in said city, and in such other manner as the council may direct."

*Held,* that this act referred specifically to one yearly report and no other, and the common council had no authority to ordain that the treasurer should make and publish a monthly report, and that a resolution to that effect passed by it neither imposed any liability upon the city nor authorized the plaintiff to publish such reports.

No principle is better settled than that one who deals with officers of a municipal corporation is chargeable with notice of all limitations upon their powers imposed by general laws.

Section 3 of chapter 656 of the Laws of 1886 requires that the publication of notices to the taxpayers shall be made in one, at least, of the two newspapers designated to be an official newspaper of the defendant, if there be one.

*Held,* that, as it appeared that no official newspaper had been designated, the treasurer had a right to select the plaintiff's paper as one in which to publish such notice.

It was objected that the paper in which the notice was published was printed in the German language.

*Held,* that the conclusive answer to that objection was that the matter of the selection of the newspaper was left to the treasurer, and that he selected the plaintiff's paper.

*Semble,* that the court would take notice, as a matter of such public notoriety as to require no proof, that a large number of Germans resided in Long Island City, and that newspapers in that language were published there, and that as such notices as were provided for in the statute were intended to reach all classes of taxpayers, the intention would be better attained by having one publication at least in that language.

APPEAL by the plaintiff from a judgment of the County Court of Queens county dismissing the complaint, which was entered on December 14, 1887, in the office of the clerk of Queens county.

*Matthew Marx,* for the appellant.

*W. J. Foster,* for the respondent.

PRATT, J.:

The plaintiff sued to recover for publishing certain notices and reports for the defendant; and the defense is that the officers of the corporation had no authority to contract for the services or audit the bills. By the revised charter of the defendant (Laws of 1871, chap. 461) the treasurer is required to "exhibit to the common council, at least fifteen days before the annual election in each year, a full account of all receipts and expenditures after the date of his last annual report, etc.; which exhibit or report shall be printed and published in all newspapers published in said city, and in such other manner as the common council may direct." This act refers specifically to one yearly report, and no other; and the common council had no authority to ordain that the treasurer should make and publish a monthly report, and the

resolution to that effect passed October 6, 1885, neither imposed any liability upon the city, nor authorized the plaintiff to publish such reports. No principle is better settled than that one who deals with officers of a municipal corporation is chargeable with notice of all limitations upon their powers imposed by general laws. All the items, therefore, except the publication of notices to the tax-payers, were properly disallowed. These items, we think, should have been allowed under the authority of chapter 656, section 3 of the Laws of 1886. That statute requires that one, at least, of the two newspapers designated shall be an official newspaper of said city, "*if there be one.*" It appears none had been designated, and, therefore, the treasurer had a right to select the plaintiff's paper as one in which to publish such notices. It is objected that the paper was printed in the German language, but we must take notice that a large number of Germans reside in Long Island City, and that newspapers in that language are published there. A matter of such public notoriety requires no proof. It is also to be observed that such notices as were provided for in that statute were intended to reach all classes of taxpayers, and that the intent thus to notify all classes could be better attained by having one publication, at least, in that language; but a conclusive answer to the objection is that the matter of the selection of the newspapers was left to the treasurer, and he selected the plaintiff's paper.

The treasurer was bound to give the best notice to carry out the intent of the law, and we do not think there was any restriction that both papers should be printed in the English language. The proceeding was not one regulated by the Code of Civil Procedure. In looking at the charter we find several provisions which require notices to be published in all the newspapers printed in the city, such as the assessors' notices to review taxes and the notice for raising money by taxation for special purposes, so that where it is important that the notice shall reach all classes, all the newspapers are designated in the statute, thus including those not printed in the English language. We must assume that the legislature took notice of the fact of foreign born citizens being residents of Long Island City, and of the publication of German newspapers therein, and intended that such notices should reach them in a language they understood. However this may be, the legislature plainly delegated the discretion

to the treasurer to designate the newspapers in which to print the notices referred to. The two items, therefore, for these notices, amounting to forty-seven dollars and twenty-five cents and interest, should have been allowed, there being no disputed question of fact.

Judgment should be reversed and judgment entered for the plaintiff for the above amount, with costs of this appeal.

DYKMAN, J., concurred; BARNARD, P. J., dissented.

Judgment modified by ordering judgment for plaintiff for forty-seven dollars and twenty-five cents, with interest and costs of appeal.