Gray, J.
It is well settled by the decisions that a purchaser at a judicial sale should not be compelled by the courts to accept a doubtful title. Where irregularities or defects exist' in the proceedings, which require further or other proceedings in order to cure them, the objection of an intending purchaser, based upon their existence, should not be overruled and his contract of purchase be directed to be completed. His contract called for a good title, and if it was *396 bad, or doubtful, lie should, on his application, be relieved from completing the purchase. In these partition proceedings the absence of parties was shown who were of the same blood and kinship with the next of kin of Mary Ann Hanley, deceased, whose estate was the subject of partition. If they were incapacitated by reason of alienage from having an interest in the property to be partitioned or sold, that was a fact possible of being conclusively established, by bringing them into the proceeding and trying out the question of their alienage by due process of law. A judgment obtained as the result of such an action would set at rest forever any existing or possible claims. The proceeding is one in rem / the subject being the partition of the real estate, or the distribution of the proceeds of the sale.
The general term concede, in their opinion, that the purchaser, at the judicial sale in question, was not offered a title free from doubt, and that concession seems fatal to their order, by which he is directed to complete his purchase. We agree with that court that the proof, in the record of the partition proceedings, which discloses the existence of other persons, not made parties to the action, who might have an interest, did not sufficiently, or conclusively, as against them, establish the incapacity of those persons as aliens to have or acquire such an interest.
The court should have granted the application of the appellant to be relieved from his contract, instead of ordering a further continuance of the proceedings in the action, by a reference to take proof upon the capacity or incapacity of the absent parties to take and hold the real estate by reason of their alleged alienage. The burden of establishing the fact of alienage and of incapacity was upon the plaintiff in partition, and not upon the purchaser. He had the right to assume that the decree, and sale thereunder, conferred not merely a good legal title, but a title not open to further question or reasonable dispute by other persons who stood in the same degree of kinship to the deceased. By the terms of his contract, he was entitled to a deed on a day fixed, and *397 he was then ready to perform. That he was right in his objection to the title at that time, the general term acknowledged, and that being the case, they should not have changed his contract and hold him to be bound to performance indefinitely, or pending further proceedings to perfect title.
The sale was in June, 1887, and the deed should have been delivered in July following. In January following, the general term ordered the further continuance of the proceedings before a referee, and then, in the following May or June, after a delay of nearly a year, ordered the purchaser to complete his purchase. There is an absence of any proof as to any damage occasioned by the delay, and it is unnecessary, if not improper, to indulge in presumptions as to the existence of any. We rest our decision upon the ground that, for reasons we have given, the title offered was not one free from doubt and was fairly open to the objection made.
The orders of the general and special terms should be reversed, and Koehler, this appellant, be relieved from his purchase and repaid his deposit upon the sale with interest thereon from July 3rd, 1887, and all his proper and reasonable expenses in examining the title, "with costs herein at special and general terms and in this court.
All concur.
Note on Doubtful Titles.
Among the questions which embarrass one in passing on a title, few arc more frequent or serious, in the present state of the law, than those which arise on a doubt as to facts not of record, or which to use the old phrase, rest in pais.
The court of appeals have very recently held that the same test as to sufficiency of title is to be applied, at least in some classes of legal actions between vendor and purchaser, as has always been applied in suit for specific performance in equity (case 55 and also case 70). This removes a supposed anomaly in the law, which, ever since the general modification of the *398 rules of law by the merger with equity, has ceased to have the support of technical reason which once sustained it.
But even under the rules which have always prevailed in equity, though stricter than those which were applied at common law, oral evidence suffices, if adequate, to supply a defect in record title (cases 46, 63, below). In the present state of the authorities, the recent decisions,—rendered while the common law rule requiring the purchaser to show the title to be bad has been undergoing repudiation,—there is some confusion as to the principles which should guide us in accepting or rejecting a title subject to questions dependent on such evidence.
The cases noted below necessarily present the subject with something of its present uncertainty : but several principles are measurably clear:
1. A grave question of law arising on the construction of a will, all the parties in interest not being before the court (case 16), is an objection, even though the interest is contingent and they not in esse, unless possibility of issue is shown to be extinct (case 19).
But a provision in the will in favor of persons not joined as parties, is not an objection, if the provision be clearly void (case 17).
2. The omission to join necessary parties, in a suit under which title is derived, is fatal; as the omission to join legatees whose legacies were charged on the land (case 1), and so of omission to join remainder-men in partition (case 71), or heirs of one who took an absolute deed, on foreclosing it as a security, after his death (case 72).
3. Where title depends on an alleged power of sale, the necessity of sale, for the purpose contemplated by the power may need to be shown (case 44).
And where one of several co-executors failed to join in conveying, previous renunciation by him must be shown (case 16).
4. The possible lien on realty of a decedent, for debts, is not necessarily an objection, even when less than three years have passed ; but the burden is on the purchaser to show debts and insufficiency of assets (case 58, and see cases 59 and 4).
*399 5. Although an outstanding right of tenancy by the curtesy (case 3) or dower (cases 14, 15,) is an objection, and a question of dower may be a defect, though the claim be doubtful because of the land being partnership property (case 45); yet it is no objection where there has been an effectual release (cases 14, 15), or where the purchaser is the husband, so that the same outstanding interest would exist, even had the wife been joined (cases 12, 13).
6. Whether an apparent or possible fraud, suggested by the record title, is an objection, becomes, when examined, usually a question of burden of proof.
A conveyance by an executor, guardian, or other trustee, to himself personally, through an intermediary (cases 32, 33, 67), or to his wife (case 57), raises a reasonable doubt of the title.
A deed by an official assignee, through which the title is traced, may be rendered doubtful by circumstances gravely impairing the probability of his power to convey, or impeaching the consideration (case 41).
The fact that the title came through a conveyance for nominal consideration,. from one who shortly afterward assigned for benefit of creditors, does not alone put the burden on the vendor to show that there was no fraud on creditors (case 56).
As to assignment for benefit of creditors long since apparently abandoned (see case 37).
7. The delay to record an instrument in the chain of title, that may yet be recorded, does not discharge (case 11).
(As to possession under unrecorded deed, see case 77.)
Misnomer in the record of a deed, is held not necessarily to discharge (case 46). But the omission of evidence of seal from record of deed, may (case 64).
8. The mere fact that the possession does not correspond in extent to the legal title, does not discharge (case 11). But continuous possession by tenants, before and during the suit, it not being shown that they are ready to surrender to the purchaser, may do so (case 18).
The lack of access to the premises, known to the purchaser when contracting, will not discharge him (case 11).
*400 (As to diagram or misdescription, exhibited in negotiating the contract or making the sale, see cases 30, 31.)
The removal of fixtures may discharge (case 76). And so may the right of a tenant under his lease to remove a substantial improvement, though notice of the existence of a lease was given (case 29).
9. The bar interposed by the statute of limitations may be relied on as removing an objection on the record (case 39 and see 37, 38, 53, 54, and compare cases 28 and 62). But the statute does not avail for, this purpose if it does nob appear that the persons to be affected have not been under any such disability as to suspend the running of the statute for a sufficient period to prevent the bar of the statute from being effectual (case 2).
10. The rule that an ancient grant may be presumed, may be relied on to defeat an objection to the title resting on the want of such grant (case 38, 40).
Absence of a deed which should exist as a link in the chain of title may be disregarded after great lapse of time, if the circumstances are such that a grant may be presumed (case 38).
The objection arising from the existence in the record of a previous contract to sell to another person, may be removed by showing that he had forfeited his right (case 48).
As to outstanding liens, see the following cases :
Local improvement plan pending (case 75).
Assessment for a local improvement, if invalid, is not an objection; and the right to defend against its enforcement subsists. It is not enough that the time to move against it has passed (case 35).
Ancient lis pendens (case 70).
Pendency of creditor’s action by one not joined as a party in the suit affecting title, and not cut off by lis pendens (case 22).
Lien of judgment against a nominal owner (case 74).
Waiver of an outstanding right by a third person shown by parol (case 63).
Information and belief as to defects in title suffice to move to relieve the purchaser (case 23); but of course this only *401 puts the burden on the other side to show the facts. As to the effect of delay and proceedings to cure defect, see the case in the text and cases 5, 6, 7, 21.

Notes of Cases.

I. Judicial Sales.
II. Specific Performance.
III. Vendors and Purchasers.
The following cases are arranged according to the action or proceeding in which the title was discussed.
Under Judicial Sales are collated the cases (1) wherein a purchaser in foreclosure or partition upon his own motion is relieved, or (2) upon motion of the parties, he is compelled to complete. Under Specific Performance are (1) vendors’ actions to compel acceptance of title, and (2) purchasers’ actions to compel conveyance. Under Vendors and Purchasers are (1) aetions by purchasers to recover damages or'part purchase-money paid, and expenses o£ investigating title upon the failure-of the vendor to give a good title; (2) vendors’ actions for damages upon the purchaser’s refusal to accept.
I. Judicial Sales.
1. The general rule is stated in Jordan v. Poillon, 77 N. Y. 518, that a purchaser at a judicial sale has a right to require a good title and will not he compelled to take a deed which leaves him to the uncertainty of a doubtful title or the hazard of a' contest with other parties, which may seriously affect the value of the property. In applying this rule, it was held that, omitting to join as parties in partition certain legatees whose legacies were a charge upon the land which was the subject of the partition suit,—was sufficient ground to relieve the purchaser at the sale.
2. Adverse possession.] Where the validity of a title depended on the bar of the statute of limitations, and it did not appear that the persons to be affected were not under disability preventing the running of the statue,—Held, that the purchaser at a partition sale should not be compelled to complete his purchase. Shriver v. Shriver, 86 N. Y. 575; aff’g, 12 Weekly Dig. 328.
3. Curtesy.] The purchaser at a foreclosure sale, relieved on account of the omission to join as a party a person shown to be living and entitled to an estate by the curtesy in an undivided interest. Hecker v. Sexton, 6 N. Y. State Rep. 680.
*402 4. Decedent’s estate.) A purchaser is not discharged for irregularities merely, nor by a vague allegation that there are creditors of the decedent, where more than three years have elapsed since the issue of letters, and the administrators have heard of no ofeditors. Herbert v. Smith, 6 Lans. 493.
5. Delay.) An order determining the title to lands sold by a receiver, to be defective, but directing the purchaser to complete if the vendor should produce sufficient evidence, to be taken in a proceeding to be instituted within sixty days, showing a ratification by the parties in interest of a contravention of the trust by an executor’s purchase in his own name,—Held, erroneous as utterly changing the purchas'er’s contract, and binding him to an agreement which he never made. People v. Open Board of Stock Brokers’ B’ld’g Co., 92 N. Y. 98 ; rev’g in part 28 Hun, 274.
The court in this case say : “We can find no authority for such an order. In actions for specific performance, the courts have sometimes decreed that the purchaser should take title when its defects were cured before the final hearing, although existing at the commencement of the action [citing Dutch Church v. Mott, 7 Paige, 77,85; Grady v. Ward, 20 Barb. 543],but we have never gone so far as to hold the action open and undetermined tb enable the seller to bring a suit against other parties, and try the experiment of an effort to secure a good title at some uncertain date in the future.” Ib.
6. The purchaser on a partition sale refused to take title on the ground that some of the defendants had not been properly served. A supplemental complaint was thereupon filed in the partition suit and a decree obtained making the first sale binding on all parties. The pur-, chasers were not parties to such suit nor acquiesced in it, but took no steps to be relieved from the sale. A second deed was tendered to them three months after the original sale,—Held, that the lapse of time was so great that they were relieved from their purchase, independent of the question whether or not they had suffered injury by the delay. Rice v. Barrett, 99 N. Y. 403; rev’g 35 Hun, 366.
7. In Merchants’ Bank v. Thompson (case 14 below), the sale was made June 6, 1872, and the proceedings to compel the purchaser to complete were commenced July 5, 1872. The day set for closing was June 10, 1872, but the purchaser, a few days after, requested to be, relieved of his bid on the ground that it was too large, which was refused, and frequent claims were made upon him to complete. After the commencement of these proceedings the purchaser first stated his objection to the title as being the outstanding dower right of the mortgagor’s wife. The special term directed completion, it appearing that *403 the m'ortgagor’s wife had executed a quit claim deed to one If., a stranger to the title, who, with his wife, had also executed a quit claim to the sheriff.
The general term modified this by directing completion only, if the mortgagor’s wife would execute a release of her dower to the purchaser.
The purchaser claimed, therefore, as a reason why he should not be compelled to complete, that he was discharged by the lapse of time between the sale and the perfecting of the'title. The court of appeals refused to relieve the purchaser, on the ground that the delay was attributable to him ; and held, that in the absence of proof of change in the circumstances of either the purchaser or the property, there was no presumption that such a change had taken place; and that the remark of Bitoxsox, J., in Jackson v. Edwards, 22 Wend. 498, that the bare fact of the delay would excuse was obiter.
8. Delay in entering judgment will not excuse a purchaser at a partition sale, particularly in the absence of proof that any loss has been sustained thereby. Frost v. Hirschberg, 17 Weekly Dig. 224.
9. A purchaser at a partition sale, relieved on the ground that an apparent defect in the title was not cleared up until a time beyond the usual renting period, involving a probable loss of the occupancy for a year. [Citing Rice v. Barrett, 99 N. Y. 404], Darrow v. Horton, 6 N. Y. State Rep. 718.
10. Description. | The fact that a lot sold under a judgment of foreclosure was described in the mortgage by a false measurement,—Held, not an objection which discharged the purchaser, where the dcsoription in the mortgage also referred to a map on file in the register’s office, on which the true measurement appeared. [Citing Peck v. Mallams, 10 N. Y. 509; Brockman v. Kurzman, 94 N. Y. 272.] Wagner v. Hodge, 34 Hun, 524.
11. A purchaser at a sale on foreclosure will not be relieved from his bid on the ground that there is no way of' access to the land except over the land of others, where lie purchased with knowledge of the fact; nor because part of the land is fenced in with an adjoining lot, where it appears by the affidavit of the owner of the latter that he makes no claim in the land sold; nor because a privy has been maintained in the lot by adjoining occupants without any claim of right to do so ; nor because a deed in the claim of title is not on record, if it is in existence, and is required by the order of court to be recorded before the purchaser shall be obliged to complete his purchase. Coates v. Fairchild, 14 Weekly Dig. 180 ; affirmed on this decision in 89 N. Y. 631.
*404 12. Dower.] A party purchasing at foreclosure will not be relieved from his purchase by reason of a claim that his wife’s dower is not foreclosed, where she acquires the same right by his purchase. Knight v. Moloney, 4 Hun, 33.
13. Where, upon the foreclosure of a purchase-money mortgage, executed by defendant, service was made upon him in behalf of his wife, who had only an inchoate right of dower in the property, and at the sale he became the purchaser,—Held, that he could not set up against an order requiring him to complete the purchase, the lack of personal service on his wife. [Eckerson v. Vollmer, 11 How. Pr. 42 ; Foote v. Lathrop, 53 Barb. 183, 185.] Watson v. Church, 3 Hun, 80 ; s. c., 5 Supm. Ct. (T. & C.) 243.
14. A purchaser at a sale in foreclosure will not he compelled to complete where there is an outstanding inchoate light of dower in the premises, unknown to him at the time of the sale, if the sale was not made at his risk. Merchants’ Bk. v. Thomson, 55 N. Y. 7.
The execution and delivery of a quit-claim deed from the wife to a stranger to the title, and a tender by the latter to the purchaser, does not obviate the objection to this defect, since it is ineffectual to divest her right, Ib.
But, it seems, that a release from the wife, executed directly to the purchaser, in connection with the sheriff’s deed to him, will free the premises and give him a good title thereto, Ib.
15. Conveying lands to a wife who had not joined her husband in a mortgage of the same lands, which, after mortgaging, the husband conveyed to a third person and by-him were conveyed to the wife in fraud of the husband’s creditors, does not create such a merger of estate in the wife as to cut off her inchoate dower right ; and a purchaser under a sale in a foreclosure of the mortgage will not he compelled to accept a title so offered. [Citing Jordan v. Poillon, 77 N. Y. 518; Fryer v. Rockefeller, 63 Id. 268.] People v. Knickerbocker Life Ins. Co., 66 How. Pr. 115
16. Parties.] The purchaser at a judicial sale is entitled to a marketable title. A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right' is vested. He would not be bound by the adjudication and could raise the same question in a new proceeding. The cloud upon the purchaser's title would remain, although the court undertook to decide the fact or the law, whatever moral weight the decision might have. It would especially be unjust to compel a purchaser to take a title, the *405 validity of which depended upon a question of fact, where the facts presented upon the application might be changed on a new inquiry, or-are open to opposing inferences. There must doubtless be a real question and a real doubt. But this situation existing, the purchaser should be discharged. [Citing Shriver v. Shriver, 86 N. Y. 575, and cases cited; Hellreigel v. Manning, 97 Id. 56.] Fleming v. Burnham, 100 N. Y. 1.
Whci$ a title rests upon a deed by but two of three executors who have qualified, and the facts shown do not conclusively establish a renunciation by the third executor, and the parties affected by a determination of the question are not before the court, the purchaser should be relieved, Ib.
So also where the validity of a purchaser’s title depends upon a pure question of law arising on the construction of a will, which question would require grave consideration under the authorities, the court will not determine the question in the absence of the parties in interest; and the purchaser will be relieved. Ib.
17. Although one who buys at a judicial sale may demand a title free from any reasonable doubt, as condition precedent to the completion of his purchase [citing Jordan v. Poillon, 77 N. Y. 518; People v. Open Board Stock Brokers, etc., 92 N. Y. 98], yet a purchaser at a partition sale will not be relieved on account of failure to bring in as parties to the action, devisees under a will, the provision in whose favor is void as creating a perpetuity. Rice v. Barrett, 102 N. Y. 161.
18. A purchaser in foreclosure cannot be made to complete his purchase, where the property is in possession of tenants who had possession at the time the foreclosure suit was begun, and who were not made parties thereto, in the absence of proof that they are ready to surrender possession. [Morris v. Mowatt, 2 Paige, 586, 590; Veeder v. Fonda, 3 Id. 94; Seaman v. Hicks, 8 Id 655.] Hirsch v. Livingston, 3 Hun, 9 ; s. c., 5 Supm. Ct. (T. & C.) 263.
19. There being no trust or other element justifying an action for the construction of a will, a judgment in such an action cannot bind the contingent interests of unborn tenants in remainder; and hence, if possibility of issue is not shown to be extinct, a purchaser at a sale in partition is not bound to accept the title on the strength of such a judgment. [Bowers v. Smith, 10 Paige, 193; Post v. Hover, 33 N. Y. 593; Chipman v. Montgomery, 63 Id. 221.] Monarque v. Monarque, 8 Abb. N. C. 102, 116; s. c., 80 N. Y. 320 ; rev’g 19 Hun, 332; and overruling Monarque v. Requa, 53 How. Pr. 438.
20. In Goebel v. Iffla (Ct. of App. 1888), 111 N. Y. 170, in compelling a purchaser in foreclosure to complete, it was held that where a *406 .trustee, pursuant to an order of the supreme court, under art. 2, tit. 2, part 2 of the revised statutes, mortgaged the premises in which the trustee was a life tenant, and on foreclosure the trustee and those who would possibly be remainder men were made defendants, the title of the remainder men was divested.
21. In foreclosure, certain judgment creditors of the equity of redemption were not made parties, but after entry of judgment, an order was entered, with the consent of those creditors, that all the papers and proceedings be amended, nunc pro time, by adding their names, and that they be bound by the proceedings.—Held, that the party seeking to enforce the foreclosure sale must establish the authority of the attorneys, not only to appear, but to execute the proper stipulation on behalf of the judgment creditors. Lyon v. Lyon, 67 N. Y. 250.
22. A judgment creditor who commences an action to set aside a conveyance of land as fraudulent after the filing of a notice of Us. pen-dens in an action to foreclose a mortgage upon the same real estate, but before the filing of the complaint in the foreclosure suit, and who, in pursuance of his action, files on the day of its commencement the complaint and lis pendens, is not bound by an order, made on a motion to which he was not a party, that the complaint in- foreclosure be filed nvné pro tunc as of the date of the filing of the lis pendens; and a purchaser under the sale in the foreclosure suit will not be compelled to take the title so embarrassed. Weeks v. Tomes, 16 Hun, 349 ; aff’d on this opinon in 76 N. Y. 601.
Held, further, that the fact that the judgment creditor might come in and participate in the surplus arising on the sale, and thus preclude himself from asserting his claim against the premises, is not a ground for compelling completion, where it appears that he is not bound to do so, but has a right to redeem on payment of the amount due on the incumbrance, Ib.
23. The rule in Shriver v. Shriver, 86 N. Y. 575, that averments on information and belief in the affidavits of a purchaser moving to be relieved from a purchase on judicial sale on the ground that all the necessary parties to the action have not been brought in, are sufficient, was followed in Crane v. Evans (Supm. Ct. Chamb.), N. Y. Daily Reg. Feb. 15, 1887.
24. Publication.] Where the affidavit upon which an order of publication was granted, in a foreclosure suit, recited that defendants did not reside in the State, and named their residences, but did not allege that they could not be found within the State after due diligence, and the order did not contain any such statement,—Held, that the- judgment was not valid as against them, and that a purchaser *407 should be relieved [citing the authorities]. Bixby v. Smith, 3 Hun, 60; s. c., 5 Supm. Ct. (T. & C.) 279.
25. The purchaser’s objection to an insufficient affidavit, and consequent void' order of publication, cannot be cured by filing an additional affidavit after sale. Schumaker v. Crossman, 2 Month. L. Bul. 94.
It would be otherwise of an insufficient affidavit to the publication or service made.
26. Remainder-men.} The rule that a purchaser at a judicial sale will not be compelled by the court to take title, unless the same be free from reasonable doubt, applied to a sale in an action for partition brought by one of several tenants in common of a remainder, the sale being contrary to the provisions of Code Civ. Pro. § 1533, forbidding-sale at suit of remainder-man in such action, without consent of owner of precedent estate. Scheu v. Lehning, 31 Hun, 183. [In this case the life tenant, whose estate was dependent upon her death or re-marriage, consented to the partition, and the court held that it was impossible to compute her interest; and a further objection appeared in the fact that infants, whose interests were affected, could not join in the consent with the life tenant, even though the consent of all parties would obviate defects.]
27. Tax lease.} The rule that, as to judicial sales, the purchaser should have a marketable title, free from all reasonable doubt, applied to relieve a purchaser at a partition sale, where there was an outstanding lease given on a tax sale, noth withstanding that the holder of the tax lease executed a release as against all parties but the city corporation. Herring v. Berrian, 8 N. Y. State Rep. 124.
28. Motion to be relieved from a purchase at a sale on foreclosure, granted, where, though the purchaser agreed to take title at his own risk, the only title the seller could convey was acquired under a tax lease long since expired. Davis v. Carroll, 4 Month. L. Bull. 31.
29. Terms of sale.} A purchaser upon a foreclosure sale, relieved, where it was merely stated in the terms of sale that same would be made “ subject to a lease of the present upland of said property to expire May 1st, 1884,” and it appeared that a tenant under a lease was entitled to remove a substantial brick building from the property, of which no notice was given to the purchaser. [Distinguishing Riggs v. Pursell, 66 N. Y. 193; citing Piser v. Lockwood, 30 Hun, 6; Lockman v. Reilley, 29 Id. 434.] Beckenbaugh v. Nally, 32 Hun, 161.
80. It is a well settled rule that the court will relieve a purchaser at a judicial sale where the title is doubtful or imperfect, although it is *408 probable that he would never be disturbed in his possession. [Citing Jordan v. Poillon, 77 N. Y. 518; McCahill v. Hamilton, 20 Hun, 388 ; Argall v. Raynor, 20 Id. 267; Mott v. Mott, 68 N. Y. 246.] Lee v. Lee, 27 Hun, 1.
Where a diagram of the premises was exhibited at the sale which showed the lands as extending to the center line of a road, a description giving the point of beginning as “ the east side ” of the road,—IIeld, not in compliance with the terms of the sale, and to create a title not sufficiently free from doubt. Ib.
31. The terms of sale in a judgment in partition stated that the land contained “ thirty-one acres be the same more or less ” and the notice of sale gave the same description. Prior to the sale a hand-bill was issued by the referee in which the lines of boundary were omitted and the premises described as “ containing thirty-one acres.” The purchaser moved to be relieved from his purchase on the ground that he had one of these hand-bills in his hand at the sale and that it was his belief that he was buying thirty-one acres.—Reld, that as the sale took place upon the premises, the failure of the purchaser to obtain full and accurate information was solely due to his own negligence, and that he should be compelled to complete his purchase. Dennerlein v. Dennerlein, 111 N. Y. 518.
82. Voidable sale.] A title derived through a conveyance by an executor to a third person and back to himself personally, the two deeds constituting but one transaction, is voidable at the election of the beneficiaries under the will, and a purchaser should be relieved from accepting it. People v. Open Board Stock Brokers B’ld’g Co., 92 N. Y. 98 ; rev’g, in part, 28 Hun, 274.
33. A special guardian was authorized by order of the court to sell real estate of his ward’s for a sum not less than $8,000, for which sum he sold, and by simultaneous conveyance the property was conveyed through an intermediary to himself. He immediately afterwards sold for the express consideration of $50,000. After several transfers, at the same apparent rate of consideration, a mortgage was made by the last grantee to' an insurance company to secure a loan of $21,000. The mortgage was afterwards foreclosed and the insurance company acquired title under the decree of foreclosure. A receiver of the insurance company made a sale of the property, under the direction of the court, and the purchaser, on examination, objected to the title, and applied to the court to be relieved from his purchase.—Reid, that the transactions conveying title appeared on their face to have been fraudulent; and that the court would relieve a purchaser, a.t a judicial sale, from a title so tainted with doubt. [Citing Jordan v. Poillon, 77 N. Y. *409 518 ; McCahill v. Hamilton, 20 Hun, 388 ; Argall v. Raynor, 20 Hun, 267; Mott v. Mott, 68 N. Y. 246 ; Lee v. Lee, 27 Hun, 1.] People v. Globe Mut. Life Ins. Co., 33 Hun, 393.
34. In Virginia Fire, etc. Ins. Co. v. Cottrell (Va., 1889, 13 Va. L. J. 246), it was held that after confirmation the purchaser at a judicial sale is as much entitled to the benefit of his purchase as a purchaser in pais, and the sale in the one case cannot be set aside, only on such grounds as would be sufficient in the other, and that a motion by the plaintiffs to rescind and resell should be denied where the purchaser tendered and was willing to complete, although the subsequent discovery of a coal vein on the land greatly enhanced its value.
35. Void assessments.] An assessment for a local improvement which is invalid, being unauthorized and the work done without jurisdiction [Matter of Deering, 85 N. Y. 1] and having been so determined by the court of appeals in a proceeding affecting other property, is not an incumbrance which will relieve a purchaser at a partition sale, or which the referee will be directed to pay. [Citing Palmer v. Lawrence, 5 N. Y. 389 ; Matter of Delancey, 52 Id. 80 ; Purssell v. Mayor, etc., 85 N. Y. 330 ; Shriver v. Shriver, 86 Id. 575.] Chase v. Chase, 95 N. Y. 373.
The fact that the right to institute a proceeding to vacate the assessment has expired under the terms of the statute, is immaterial, where the right remains to defend any proceedings taken for its enforcement. Ib.
II. Specific Performance.
36. The general rule is that the court will not compel a defendant to complete his contract for the purchase of real estate, if, upon the whole case present ed, the title is not free from suspicion, but is, at least, of doubtful validity. [1 Sugd. V. & P. 505—511 (Lord’s 11th ed.), Curtis v. Hitchcock, 10 Paige, 399; Seymour v. DeLancey, Hopk. 436.] McCahill v. Hamiliton, 20 Hun, 388.
37. Adverse possession.] Executors who have been long in possession,—in this ease nearly twenty years,—under a sale in foreclosure in which an assignee of the morgagor for the benefit of creditors was not joined as defendant, so that his interests were not foreclosed, the assignment having been made many years earlier,—in this case the assignment and foreclosure sale having been made upwards of forty-six years ago,—can 'sell and compel specific performance by the purchaser notwithstanding the omission to make the assignee for benefit of creditors a party to the foreclosure, if it appears that no sale was ever made by the assignee, and it does not appear that the assignment was ever acted upon, or that any of the debts provided for by it remained *410 unpaid. Kip v. Hirsh, 18 Abb. N. C. 167; s. c., 103 N. Y. 565 ; rev’g 53 Super. Ct. (J. & S.), 1.
38. A purchaser of land will be compelled to complete his contract, notwithstanding the chain of title to the vendor is broken by the absence of a deed, -where the title itself is distinguished by long and continued possession,—in this case about fifty-five years,—giving rise to a presumption that the missing conveyance was in fact executed, justifying the possession so obtained and continued. [Citing Ottinger v. Strasburger, 33 Hun, 466.] Bohm v. Fay, 18 Abb. N. C. 175.
39. A contract was entered into for the conveyance of property in the city of New York, wherein one as executor, covenanted to give “ a proper deed containing a general warranty and the usual full covenants for the conveying,” “thefee simple . . . free from all encumbrances .except a lease,” etc. The purchaser refused to accept the conveyance, on the ground that the testator’s title did not otherwise appear than by adverse possession. In an action by the executor to compel specific performance, it was slitnvn that the testator had been in undisputed possession of the property for sixty years.—Seld, reversing a judgment for defendant, that the presumption of the testator’s title was sufficient to overcome the bare possibilities which might be supposed as adverse to it; and on such presumption the defendant would be required to accept it. Ottinger v. Strasburger, 33 Hun, 466; aff'd, it seems, but without opinion in 102 N. Y. 602.
40. In an action for specific performance brought by a vendor of real property, which was defended upon the ground that the title was unmarketable, it appeared that the plaintiff’s remote grantor had conveyed the premises by a deed, through which plaintiff held, executed in 1797. It v'as shown that the same grantor had deeded the property to other persons in 1771, but it was not shown that the grantees under the earlier deed had ever gone into possession of the property or made claim thereto, or ever assumed to convey the same.—Seld, that it must be assumed that the grantees named in the deed of 1771 had reconveyed to their grantor before he executed the second con-. veyance, or that their deed never had a proper delivery. [Citing Woolsey v. Morss, 19 Hun, 273; Jackson v. McCall, 10 Johns. 377; Jackson v. Moore, 13 Johns. 513, 516; Ottinger v. Strasburger, 33 Hun, 466.] Abrams v. Rhoner, 44 Hun, 507.
Seld, further, that plaintiff had established a title by adverse possession which the court would compel the defendant to take. [Citing Ottinger v. Strasburger, 33 Hun, 468; Shriver v. Shriver, 86 N. Y. 575.] Ib.
It was claimed iij such case that a deed of an undivided óne-fifth of *411 the property, executed in 1797, was defectively acknowledged.— Held, that even if the objection were well founded, the plaintiff had acquired an undoubted title to four-fifths of the property by deed, and as to the remainding one-fifth by adverse possession, upon the exclusive possession and receipt of the entire profits under a claim of right to the whole thereof for twenty-one years. Ib.
41. It seems that the facts, that the title proffered by a vendor comes through a deed executed by an assignee in bankruptcy in a case where no debts were proved against the estate of the bankrupt before his discharge and but one small debt afterward ; that the land was sold by the assignee for but two dollars without any proof even that that was paid or that any binding contract for the sale was made; that no deed was given by the assignee until after the lapse of twenty-two years, when no conveyance could have been compelled; and that the deed v'as then given without any order of the court, and that no possession ever accompanied the title under the assignee’s sale,—leave the title involved in so much infirmity and uncertainty that a court would decline to compel a vendee entitled to a good marketable title to take a conveyance thereof. Palmer v. Morrison, 104 N. Y. 132.
42. Belay.] It is immaterial (except upon the question of interest), that, at the commencement of an action for specific performance to enfoice a contract for purchase of lands, the vendor, plaintiff, could not make a good title, if he can make such title at time of decree. Jenkins v. Fahey, 73 N. Y. 355 ; rev’g 11 Hun, 351.
43. A purchaser may maintain an action’ for the specific performance of a contract for the sale of lands, for the purpose of testing the .right and ability of the vendor to convey, after his refusal to receive a deed, where the contract has subsequently been a subject of negotiations between the parties and it has not been regarded as at an end, but expedients have been discussed and considered w'hich might have the effect of harmonizing the difference between the parties. [Citing Willis v. Dawson, 34 Hun, 492.] Walton v. Meeks. 41 Hun, 311.
In such case, where it appears that the vendor’s title is not free from doubt, plaintiff may be allowed to recover expenditures made by him in good faith in the examination of the title before refusal of the deed. [Citing Post v. Bernheimer, 31 Hun, 247; Hellreigel v. Manning, 97 N. Y. 56; Fleming v. Burnham, 100 Id., 1] although his proof of the infirmity of the defendant’s title is not sufficient to permit him to recover damages for loss of his bargain. Ib.
44. Bower.] In an action for the specific performance of a contract to convey lands, it is permissible for the defendant to show that his *412 wife will not unite in the execution of a deed; and if the court be satisfied of this fact, the defendant shall not be unqualifiedly directed to execute a conveyance with covenants to cover the wife’s right of dower; and if the plaintiff will not accept a deed with- covenants restricted so as not to include the dower interest, his remedy will be for damages only. Martin v. Colby, 42 Hun, 1.
45. Specific performance will be refused where the vendor’s wife refuses to join in the deed ; and the defendant will not be compelled to perform as far as he is able, with an allowance for the right of dower, where such right is doubtful, as for instance the land being partnership property. Dixon v. Rice, 16 Hun, 422.
46. Same in record.] A purchaser cannot justify his refusal to perform his contract by a mere captious objection to the title tendered him; nor is it sufficient for him when the jurisdiction of a court of equity is invoked to compel him to perform his contract, merely to raise a doubt as to the vendor’s title. Before he can successfully resist performance of his contract on the ground of defect of title, there must be at least a reasonable doubt as to the vendor’s title such as affects its value, and would interfere with its sale to a reasonable purchaser, and thus render the land unmarketable. A defect in the record title may, under certain circumstances, furnish a defense to the purchaser. But there is no inflexible rule that a vendor must furnish a perfect record or paper title. It has frequently been held that defects in the record or paper title may be cured or removed by parol evidence. [Citing Seymour v. Delancey, Hopk. 436 ; Miller v. Macomb, 26 Wend. 229; Fagen v. Davison, 2 Duer, 153; Brooklyn Park Commissioners v. Armstrong, 45 N. Y. 234; Murray v. Harway, 56 Id. 337; Shriver v. Shriver, 86 Id. 575.] Hellreigel v. Manning, 97 N. Y. 56.
In this case, which was an action against a purchaser of lands for specific performance, it appeared that in the record chain of title the' premises had been conveyed to Electa “Wilds’’and the next deed was from Electa “Wilder.” It was proven by plaintiff that there was an error in the record of the second deed, which had since been destroyed, and that the name of the grantor therein was, in fact, “ Wilds.” Seld, that it. was clear that there was no defect in fact in the title, and the purchaser should be compelled to perform. Ib.
47. Parties.] A doubt which arises only in part upon questions of fact will, if sufficiently grave, justify a refusal to compel a purchaser to take title; and it seems'that a doubt, which is a question of law only, may also be sufficient. Abbott v. James, 111 N. Y. 673.
In that case the question of law was whether a power of sale in a will failed because the objects to which the proceeds were to be applied *413 in favor of devisees had in part failed ; and the court held that, as it was not shown as a matter of fact whether the amount of personalty was sufficient to render a sale wholly unnecessary, the title was doubtful in matter of fact; and indeed, as the heirs at law were not parties, they would not be bound by the decision, were it made, but might attack the title if the purchaser were required to take it. Id.
48. Recorded, contract.] In a vendor’s action to compel specific performance, defendant objected that plaintiff had made a previous contract to sell to a third person and had received a payment of §10,000 on account thereof.—Held, that it appearing that the former purchaser, by his laches and delay, had forfeited his right to a conveyance [citing Merchants’ Bank v. Thomson, 55 N. Y. 712], and thereby lost any lien on the land for the money paid [distinguishing Chase v. Peck, 21 N. Y. 581; Clark v. Jacobs, 56 How. Pr. 519], the existence of the former contract did not justify the defendant’s refusal to perform his part of the contract. [Citing Hellreigel v. Manning, 97 N. Y. 60; Shriver v. Shriver, 86 N. Y. 575.] N. Y. Super. Ct. Sp. T. 1885; Johnson v. Duncan, 2 How. Pr. N. S. 366.
49. Substituted service.] The court will not compel a purchaser to take a title to real estate, where his refusal to complete his purchase is based upon an objection which is sustained by a decision of the general term of the supreme court. Supm. Ct., 1886, Ferris v. Plummer, 42 Hun, 440.
The objection in this case was that in a foreclosure suit, on which the title rested, substituted service of summons upon lienors, after they filed their liens, rendered the lis pendens ineffectual as against the lienors, and Bogart v. Swezey, 26 Hun, 463, was cited as the decision bearing out such construction. Ib.
See on this point a Note on Modes of Service in 21 Abb. N. C. 178.
50. Tax sale.] The rule that the purchase of a doubtful title will not be specifically decreed in equity, applied to a title derived under a sale made by the registrar of arrears of the city of Brooklyn, where infants were interested and no guardian had ever been appointed, although the infants had personal notice,—the court holding that the question whether the infants had been properly deprived of their interests was not so'plain that a title which depended for its validity upon its correct adjudication could be forced upon a purchaser. Levy v. Newman, 50 Hun, 428.
51. Terms of sale.] In Day v. Hunt (N. Y., Jan. 15, 1889), 19 Northeastern Rep. 414, it was held that under the usual terms of sale, not expressly making time of the essence of the contract, but fixing a day *414 when the deed would be ready, dispensing with notice to the purchaser, and, in case of his failure to call for the deed, charging him with interest unless the executor should deem it proper to extend the time,—delay of the purchaser for several months to perform (pending his unsuccessful contention that a clause in the terms of sale calling for a mortgage with insurance clause did not require an insurance clause because the land was vacant,) did not preclude him from enforcing specific performance by action, it appearing that he intended in good faith to perform, and that the vendor had not rescinded nor returned the part payment.
III. Actions at Law between Vbndoks and Pukchaseus.
52. The traditional rule is thus stated in O’Reilly v. King, 2 Robt. 587 ; s. c., 28 How. Pr. 408: “ Where the doubt of the sufficiency of the title is reasonable and practical, the court in its discretion will excuse performance by the purchaser. The rule, however, at law is quite different. There the party disaffirming the contract must satisfy the court that the title is absolutely bad before the party can recover. A merely doubtful title will not do.” [Citing Romilly v. James, 6 Taunton, 263.]
In that casé [O’Reilly v. King] the opinion, in holding that the objection, to the title, on the ground that certain proceedings for the sale of the interests of infants in the land, was unfounded, and that there had been a compliance with the statute, says: “lam unable to subscribe to the views of the learned chief justice, [who decided the cause below,] that the title offered to the plaintiff was insufficient, and so doubtful that he had a right, for that reason, to dis-affirm the sale and recover his deposit. If the action had been on the equity side of the court to compel O’Reilly to take the title, 1 should express my opinion of its sufficiency with much hesitation. The difficulties suggested by the chief justice would, of themselves, cause me to hesitate, and perhaps to doubt. But the action is at law to recover back the deposit upon rescisión of the contract of sale. And I think the error of the learned judge was in applying the rule in equity instead of the rule at law to a question involving the sufficiency or goodness of a title to real property.” Ib.
53. This rule followed.] In an action by the purchaser to recover damages for breach of contract by the vendor in a case where the purchaser rejected the title, the plaintiff must satisfy the court that. the title offered was absolutely bad; it will not be sufficient to show that it was doubtful. [Citing Romilly v. James, 6 Taunt. 263; s. c., 1 Marsh. 592; Boyman v. Gutch, 7 Bing. 379; s. c., 5 M. & P. 222; Camfield v. Gilbert, 4 Esp. 221 ; O’Reilly v. King, 2 Robt. 587; s. c., 28 How. *415 Pr. 408; M. E. Church Home v. Thompson, 20 J. & S. 321; Bayliss v. Stimson, 21 Id. 225; Walton v. Meeks, 41 Hun, 311; Murray v. Harway, 56 N. Y. 337.] Supm. Ct, 1888, Ingalls v. Hahn, 47 Hun, 104.
It seems that the rule is different in actions for specific performance and in equitable actions by the purchaser to be relieved from his contract. Ih.
54. A Averse possession.] Under the rule that when a party seeks to disaffirm and rescind a contract of sale, and recover back the deposit paid on account of the purchase price, on the ground of a defective title, he must do more than merely show that the title is doubtful, and must satisfy the court that the title is bad, before he can recover [citing O’Reilly v. King, 28 How. Pr. 408],—Seld, that the vendee could not recover his deposit upon merely showing a claim of oxvnership by-certain persons as the heirs of a prior owner to enforce which an action of ejectment was then pending, where the undisputed evidence showed that the vendor and his grantors had been in continuous, uninterrupted, actual possession, beginning with an entry under claim of exclusive title founded on a written instrument, and kept up for over twenty years. [Citing Code Civ. Pro. § 369 and following Shriver v. Shriver, 86 N. Y. 575.] Methodist Epis. Church Home v. Thompson, 52 Super. Ct. (J. & S.) 321; aff’d, on another ground, in 108 N. Y. 618. (See next paragraph.)
55. The rule now laid down.] The court of appeals, in Methodist Epis. Church Home v. Thompson, 108 N. Y. 618, after a discussion of the evidence and in affirming the judgment of the court below, say:
“ Upon these facts we have no hesitation in saying that there is not a fair, reasonable or just doubt thrown upon the title of the defendant to the premises in question.
“ We disagree with the court at general term upon the necessity in such a case as this, of showing that the title is absolutely bad. We think that if there were a reasonable doubt as to the vendor’s title, such as to affect the value of the property, and to interfere with the sale of the land to a reasonable purchaser, the plaintiff's cause of action would be sustained. (Hellreigel v. Manning, 97 N. Y. 56.)
“ This rule obtains as well where the vendee sues to recover back the price paid as when the vendor sues to compel performance.
“ The case of Romilly v. James (6 Taunt. 263), has been cited as authority for a contrary holding. That was an action brought to recover the deposit paid ou the contract for the purchase of lands in fee simple, upon the alleged insufficiency of the title. The- question was argued at length in the common pleas, and- at the end the court *416 took time to consider, but before doing so observed: ‘It is said that the plaintiff will have made out his claim to recover back his deposit, if a cloud is cast on the.title. That is not so in a court of law. lie must stand by the judgment of the court, as they find the title to be, whether good or bad; and if it be good in the judgment of a court of law, he cannot recover back his deposit.’ The court subsequently held that defendant could give a good title, and hence ordered judgment in his favor.
“ We do not regard this case as authority for us, in our union of legal and equitable tribunals, to hold that in such a case as this the plaintiff must show absolutely a bad title. In the case cited, the court held the defendant’s title good, and hence ordered judgment for him, just as we hold here that no doubt has been cast upon the defendant’s title. But the plaintiff was entitled to a good marketable title, and if he did not get it, could maintain his action to recover back his deposit.
“ In Allen v. Atkinson (21 Mich. 351), Cooley, J., said (p. 361)
' The vendee had an undoubted right to a good title and to a deed with proper covenants; and he had a right also to insist that the title should be a marketable one, not open to reasonable objection,’ citing Freetly v. Barnhart (51 Penn. St. 279).
“ The case of Romilly v. James (supra), was tho one upon which the superior court based its holding in O’Reilly v. King (28 How. Pr. 408), arid this latter case was cited in the opinion delivered by the learned judge at general term in the case at bar. We think that case should not be followed.
“ But upon the ground that no such reasonable doubt exists in this case from the facts disclosed at the trial, we think the judgment of the court below should be affirmed, with costs.”
56. Assignment for benefit of creditors.] The fact that the vendor had recently (within a month) derived his title from a third person by an assignment expressed to be in consideration of “ one dollar and other good and valuable considerations,” and who meanwhile failed and assigned for benefit pf creditors, does not afford the purchaser ground for refusing to take title, in the absence of anything to indicate an intention on the part of any creditor to attack the assignment. [Citing Moser v. Cochrane, 107 N. Y. 35 ; Shriver v. Shriver, 86 Id. 575; Hellreigel v. Manning, 97 Id. 56.] Bayliss v. Stimson, 110 N. Y. 621; aff’g 53 Super. Ct. (J. & S.) 225.
57. A recovery by a purchaser,—sustained where it appeared that his vendor had sold the property at auction, as an assignee for creditors, and that it was bought in by his wife, although it appeared that she held a mortgage on the property and claimed to have bid to protect her *417 interest, the evidence showing that she had acquired such mortgage by assignment from her husband, the defendant, before the execution of the assignment for creditors. [Citing People v. Open Board, &c., 92 N. Y. 98 ; Fulton v. Whitney, 66 Id. 548; Shriver v. Shriver, 86 Id. 575 ; Dodge v. Stevens, 94 Id. 209.] Wohlfarth v. Chamberlain, 6 N. Y. State Rep. 207.
58. Decedent's estates.] To entitle a purchaser in a contract for the sale of land to recover back the part purchase-money paid by him, on the ground that three years have not elapsed since the death of his vendor’s intestate, he must affirmatively show the existence of debts; and also insufficiency of the personal estate left by the decedent. Moser v. Cochrane, 107 N. Y. 35 ; aff’g 12 Daly, 292.
59. It is not an objection to the title offered by an executor having a valid implied power of sale under the will, that three years have not elapsed since the testator’s death, and that under Code Civ. Pro. § 2749, a creditor could apply for an order directing the sale of the land for the payment of his debt, excepting in a case where the will expressly charges real estate with the payment of debts; as under § 2759, before the surrogate could make a decree of sale, he must find that the property “ is not subject to a valid power of sale for the payment of ” the debts and there being an actual and valid, although implied, power the surrogate could not make such a decree. [Distinguishing Hyde v. Tanner, 1 Barb. 75]. Coogan v. Ockershausen, 55 Super. Ct. (J. & S.) 286.
60. Description.] A contract to convey land in the city of New Y.ork, which states that the land "measured one way “ twenty-four feet eight and a half inches," is not complied with, when the actual measurment was but twenty-four feet three inches. Siebel v. Cohen, 7 N. Y. State Rep. 54.
61. Escheat.] A purchaser refusing to accept a deed on the ground of a possible escheat, the vendor agreed to pay the purchaser’s expenses in procuring a release from the State, in case he did not himself do so within a specified time. Not having done so, the purchaser procured an act to be passed releasing the interest of the State at an expense of §550.50. In an action to recover this sum,—Held, that as the plaintiff might have incurred legitimate expenses in procuring the passage of the act, and defendant’s promise was a good consideration, that is, an injury to the promisee, plaintiff was entitled to recover. Bohm v. Goldstein, 53 N. Y. 634.
62. Evidenced] In an action to recover back a payment made on an executory contract for the sale of lands, and expenses incurred, the abstract of title furnished by the vendor to the purchaser, to aid in *418 making a search, is competent evidence against him to show his chain of title; and when followed by evidence that the.title claimed is defective, a. prima facie case is made and defendant put to proof of other and better title, if any he has. 1872, Hartley v. James, 50 N. Y. 38.
Upon the contention of defendant’s counsel that a perfect title by adverse possession was in the defendant, the'court say: “ The plaintiff was not bound to accept a title resting upon adverse possession, had such title been shown.” Ib.
63. A title is not rendered doubtful or unmarketable by the fact that parol proof is essential to sustain it, especially when the objection arises in an action at law. Thus, an assignee of a lease can make good title pursuant to his agreement to assign it, notwithstanding it was assigned to him in violation of a covenant in it if a waiver of the breach can be proved by parol evidence. Murray v. Harway, 56 N. Y. 337.
64. A recovery by a purchaser, whose contract called for a marketable title—sustained where the evidence'showed that it was doubtful whether a deed had been sealed, applying the rule in Shriver v. Shriver, 86 N. Y. 575; Fleming v. Burnham, 100 N. Y. 1, that a title is not marketable if open to a reasonable doubt. Todd v. Union Dime Savings Inst. of N. Y., 20 Abb. N. C. 270.
65. Fraud.] The vendor in an executory contract for the sale of lands, in the absence of express statements to the contrary, represents and warrants that he is the owner of the property which he assumes to sell. While a concealment of want of title is not per sé fraudulent, as the vendor may intend and have it in his power to acquire title before the time of closing, it is fraudulent when accompanied with a fraudulent intent to deceive and defraud, and with a positive knowledge that he cannot acquire title to the property sold. In such case the purchaser may rescind the contract and recover back the moneys paid. Inness v. Willis, 48 Super. Ct. (J & S.) 188.
66. It seems, that an action at law for damages for failure of the vendor to effectually convey the title to the entire premises contracted for and in the condition represented, can, in the absence of a covenant, only be supported upon the ground of fraud in which intent to deceive and knowledge of the falsity of the representations are essential elements. [Citing Thorp v. Keokuk Coal Co., 48 N. Y 253 ; Tallman v. Green, 3 Sandf. 437 ; Whittemore v. Farrington, 7 Hun, 392; s. c., 12 Hun, 349 ; aff'd 76 N. Y. 452.] Coyle v. Nies, 5 N. Y State Rep. 194.
67. Infants.] The fact that the title to the property contracted to Ibe conveyed comes through a deed executed by executors, acting under a. power of sale, to a relative, and an immediate reconveyance to them *419 selves, will,' in a case where there are infants interested in a share of such property attempted to be cut off by the executors’ deed, put the purchaser upon his inquiry and create a doubt of the validity of the title which will excuse him from completing his purchase, and entitle him to recover back the purchase-money and expenses. Stevens v. Banta, 47 Hun, 329.
The fact that the account of the executors has been judicially settled by the surrogate in. a proceeding to which the infants were parties and. no objection to the sale was presented,—will not necessarily amount to a ratification by such infants, where the facts were not known to them or their guardians, lb.
68. In sustaining a purchaser’s action for damages and a recovery of expenses incurred for examination of title, the court in Hemmer v. Hustace, 14 Civ. Pro. R. (Browne) 254, say: It is now well settled in this State that where there is a reasonable doubt as to the vendor’s title so as to affect the value of the property and to interfere with the sale of the land to a reasonable purchaser, a vendee is not bound to accept the title, and there is a breach of the contract to sell by the vendor; and this rule obtains as well where the vendee sues to recover back the price paid, as where the vendor sues to compel specific performance [citing Methodist Episc. Ch. Home v. Thompson, 108 N. Y. 618], and hold that a title acquired through foreclosure by advertisement in which several lots were'sold in one parcel, in violation of the requirements of Code Civ. Pro. § 2393, is, where there are infant owners of the equity of redemption, subject to reasonable doubt, and is not one which a purchaser is obliged to accept. [Citing Hellreigel v. Manning, 97 N. Y. 56, 60.
69. It seems that an order in an action for partition, appointing a guardian ad litem of an infant defendant residing within the State but temporarily absent therefrom, unless he, or some one in his behalf, procures such guardian to be appointed within ten days after the service of the order, is authorized by Code Civ. Pro. § 473; but a subsequent order, directing service of such first order by publication, is unauthorized by any provision of law; and a subsequent order absolute, based upon service without the State, upon the infant’s father, is also unauthorized, and fails to give the court jurisdiction over the infant defendant. Held, therefore, that the title derived under a sale in the partition proceedings, is not marketable and free from reasonable doubt and a purchaser is entitled to recover back in an action therefor, the money paid by him and the expenses incurred in examining the title. [Citing Fleming v. Burnham, 100 N. Y. 1; Methodist Episc. Ch. *420 Home v. Thompson, 108 N. Y. 618.] Uhl v. Loughran, 14 Civ. Pro. R. (Browne) 344; s. c., 17 N. Y. State Rep. 763.
70. Lis pendens.] In Hayes v. Nourse, 8 N. Y. State Rep. 397 (N. Y. Com. Pl. Referee, 1887), the cases on.what constitutes a good title which a purchaser is bound to accept were reviewed, holding that the existence of a notice of Us pendens about 50 years old was a sufficient objection; and the making of any distinction between the rule at law and in equity was disapproved, the referee saying: “It must be conceded, however, that in the case of O’Reilly v. King, 2 Robt. 587, followed in the same court in two cases reported in 52 Super. Ct. (J. & S.) 321 (Methodist Episc. Ch. Home v. Thompson), and 24 Weekly Dig. 327 (Bayliss v. Stimson), a divided court did hold that in an action at law proof"of a doubtful title merely is not sufficient, and the prevailing opinion states that there is a difference in this respect between actions ' at law and suits in equity. The proposition advanced is not sustained by any reasoning, and but one authority is referred to, and that an English one Romilly v. James (6 Taunt. 263), decided in 1815. An examination of the authority shows that, although in a remark by one of the judges on the argument, the proposition is.perhaps suggested, no reference is made to it in the final decision, and in the later English cases thé proposition seems to be disapproved. Thus in Jeakes v. White, 6 Excheq. Rep. 873, which was an action at law to recover a deposit paid under a contract of sale, the court say : ‘ A good title was to'be understood as such a title as a court of chancery would adopt as sufficient ground for complete specific performance,’ and in Simmons v. Haseltine, 5 Jurist, N. S. 270, a similar action at law, it was said: ‘ A title dependent on a question of fact, which it is impossible to consider reasonably certain,’ is not a good title.” [Citing also Burwell v. Jackson, 9 N. Y. 535, 540.]
71. Parties.] A purchaser will not be required to take a title which by reason of the omission of remaindermen from an action for partition through which the title is derived, is not free from reasonable doubt, [citing Brooklyn Park Commrs. v. Armstrong, 45 N. Y. 234 ; Jordan v. Poillon, 77 Id. 518; Jenkins v. Fahey, 73 Id. 355,] and in such case the purchaser is entitled to recover back the money which he has paid upon the contract with interest and the expenses incurred in the investigation of the title. Moore v. Appleby, 108 N. Y. 237.
72. C having the title to premises.belonging to a firm, of which he was a member, conveyed them to H by deed absolute. Subsequently an agreement was entered into between H and the firm whereby H was to sell the premises and retain to himself a certain portion of the proceeds as payment of á firm indebtedness to him, and turn over the *421 balance. This agreement was recorded several years after its making, and a foreclosure suit had thereon against the firm by the assignee of the .executor of H. who assigned the agreement, but the action was prosecuted without making the heirs of H. parties defendant. In an action against the one holding under the foreclosure to recover back part purchase-money, &c., under a contract of sale of the premises,—Held, that the title offered was bad. [Citing O’Reilly v. King, 28 How. Pr. 408; Methodist, &c. Home v. Thompson, 52 Super. Ct. (J. & S.) 321.] Kreamer v. Adelsberger, 55 Super. Ct. (J. & S.) 245.
It could not be claimed that the heirs of H. were not necessary parties on the ground that no title vested in them by the death of H., and that the subsequent agreement between H. and the firm, made the deed a mortgage, because (1) the deed and the agreement were not contemporaneous in execution ; (2) the agreement was not contemplated at the execution of the deed ;(3) the deed was absolute on its face and in the agreement there was no provision for a reconveyance. Ib.
73. Power of sale.] In Bruner v. Meigs, 64 N. Y. 506, 515, it was held, upon the construction of a will, that a valid power of sale did not exist in the vendors who were trustees under the will; and the court sustained the purchaser’s action to recover back the money paid by him upon the contract. The court say: “Asa suit in equity to rescind an agreement for the sale of real estate by reason of a defect in the title or a want of power to sell in the vendors, the action could not be maintained. The plaintiff having a perfect defense at law and in equity in ‘any action which might be brought to enforce the agreement, an action by him to rescind it would be unnecessary. But, as an action to recover money paid upon a consideration that has failed, this action can be sustained if the title of the defendants is not such as the plaintiff is bound to accept.”
74. Resulting trust.] The rule that a purchaser seeking to recover back the part purchase -money paid upon the execution of a contract for the conveyance of land and the expenses incurred in searching the title, must prove that the title offered by the defendant is bad, followed. [Citing Bayliss v. Stimson, 53 Super. Ct. (J. & S.) 225 ; Methodist Church v. Thompson, 52 Id. 321, 328 ; Page v. McDonnell, 55 N. Y. 299 ; Lawrence v. Miller, 86 Id. 131.] Moore v. Williams, 55 Super. Ct. (J. & S.) 116.
Land was purchased with moneys belonging to the firm of W. & G. and with their consent the deed was to G. individually, who subsequently, but after the recovery and entry of a judgment against him conveyed the land to the defendants as trustees for the firm who contracted to sell the same to the plaintiff. The plaintiff refused to take the title offered, and sued to recover the part purchase price paid and *422 expenses incurred in searching. Held, that 1 R. S., 728, § 51, forbidding a resulting trust in favor of the person paying the purchase-, money, where title was taken in another’s name,—was applicable, and the defense of a resulting trust in favor of the firm could not be sustained; the judgment recovered against G-. was a lien on the land, and the title offered was bad. Ib.
75. Streets.] There is no duty on the part of the vendor requiring him to make any disclosure in regard to the condition of the public records in reference to the existence of adjoining streets and avenues, where he has reason to believe that the purchaser is possessed of the same knowledge that he has upon the subject. Supm. Ct., 1888. Wagner v. Perry, 47 Hun, 516.
' The mere filing of a map by the commissioners of'the department of public parks in the city of New York,.increasing the width of a street, in no way defeats the title of an adjoining owner whose premises will be encroached upon by the proposed widening so as to relieve a purchaser thereof from his purchase. [Distinguishing King v. Knapp, 59 N. Y. 462.] Nor will the omission upon such map of an existing street have the effect of closing the same. [Citing Fearing v. Irwin, 55 N. Y. 486.] Ib.
76. Vendors’ actions.] Where a vendor has elected, upon the purchaser’s breach of the contract, to pursue his remedy at law for damages, he must be held strictly to the terms of his engagement, and show the performance of all the conditions on his part necessary to be performed to put the purchaser in default. Where certain articles appurtenant to the property; and in their nature fixtures, were in fact the property of a tenant, who removed them before the time for completing the transfer, the vendor, being unable to give a conveyance of the property in the condition in which it was bargained for, cannot base an action for damages on the purchaser’s refusal to accept the title. Smyth v. Sturges, 108 N. Y. 495.
It seems that if the action were in equity to compel a specific performance by the purchaser, an allowance might be made out of the purchase-money for the altered condition of the buildings. [Citing Richardson v. Smith, L. R. 5 Ch. App. Cas. 654; Darbey v. Whitaker, 4 Drewry, 134; Jackson v. Jackson, 1 S. & G. 184]. Ib.
77. Notice.] See Phelan v. Brady, 21 Abb. N. C. 286 ; aff’g 19 Id. 289, holding that residing in a tenement house and collecting rents, although holding under an unrecorded deed, put a purchaser on inquiry and affected him with constructive notice.
In 21 Abb. N. C. 367, will be found a note, collating cases on proving lost records.